UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MY PREMIER NURSING CARE,

     Plaintiff,

                                  Case No. 21-cv-12657

v.                            Hon. Matthew F. Leitman

AUTO CLUB GROUP INSURANCE
COMPANY, *et al.*,

     Defendants.

_____/

## ORDER GRANTING DEFENDANT UNITED HEALTHCARE INSURANCE COMPANY'S MOTION TO DISMISS (ECF No. 22)

In December of 2019, David Montgomery was involved in an automobile accident. He thereafter received medical treatment from Plaintiff My Premier Nursing Care ("My Premier") for injuries that he sustained from the accident. In this action, My Premier seeks to recover payment for that treatment from two insurance companies that provided different types of coverage to Montgomery: Defendant Auto Club Group Insurance Company ("Auto Club"), Montgomery's auto insurer, and Defendant United HealthCare Insurance Company ("United HealthCare"), Montgomery's health insurer. United HealthCare has filed a motion to dismiss the claims against it. (*See* Mot., ECF No. 22.) For the reasons explained below, the motion is **GRANTED**.

1

**I**

David Montgomery was involved in an automobile accident on or about December 31, 2019. (First Am. Compl., ECF No. 8, PageID.66.)  At that time, he was covered by a No-Fault auto insurance policy issued by Auto Club. (*See id.*, PageID.66-67.)  He was also covered by a health insurance policy issued by United HealthCare. (*See id.*, PageID.72.)  That policy was "created under and governed by the Employee Retirement Income Security Program (ERISA) 29 USC § 1001 et. seq." (*Id.*)

Following Montgomery's accident, he received medical care from My Premier. (*See id.*, PageID.67.)  According to My Premier, it has not received full payment for the services it provided to Montgomery.  My Premier claims that it is owed at least $90,000 for those services. (*See id.*, PageID.72.)  In this action, My Premier alleges, among other things, that United HealthCare is responsible for the payment of the outstanding balance on the services provided to Montgomery. (*See id.*)

My Premier asserts three claims against United HealthCare.  The first claim is captioned "Third Party Beneficiary." (*Id.*, PageID.71.)  It alleges as follows:

> 30. That Plaintiff hereby realleges, reaffirms, and incorporates herein by reference all allegations and paragraphs previously contained in this complaint.

31. That Plaintiff has a statutory right to sue Defendant United Health Care in the instant case for the collection of medical bills that were generated as a result of treatment to Donald Montgomery.

32. That any person for whose benefit a promise is made by way of contract, has the same right to enforce said promise that he would have if said promise had been made directly to him as the promisee. (MCL 600.1405).

33. That MCL 600.1405(1) provides: "A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to or to do or refrain from doing something directly to or for said person".

34. That Defendants' failure to pay Plaintiff's reasonable and necessary benefits within 30 days of notice, prompted Plaintiff's assigned and vested right to file the subject complaint. (MCL 600.1405[2][a]).

35. That any and all contested payments made by Defendants to Plaintiff are not in satisfaction of all bills, as they were not made in good faith.

36. That Plaintiff has the right to collect its own bills in the already pending cause of action, which were generated as a result of reasonable and necessary treatment and services rendered to Donald Montgomery for injuries he received in a motor vehicle accident.

(*Id.*, PageID.71-72.)

My Premier's second claim against United HealthCare is captioned "29 USC §1132(a)(1)(B), ERISA Civil Enforcement." (*Id.*, PageID.72.) This claim alleges as follows:

37. That Plaintiff hereby realleges, reaffirms, and incorporates herein by reference all allegations and paragraphs previously contained in this complaint.

38. That Plaintiff's patient, Donald Montgomery was at all times relevant hereto an insured of Defendant United HealthCare Insurance Company (hereinafter referred to as "United") pursuant to a contract for Covered Health Care Services.

39. That Defendant United's policy was purportedly created under and governed by the Employee Retirement Income Security Program (ERISA) 29 USC § 1001 et. seq.

40. That Defendant United had at all times relevant hereto an obligation to pay for Covered Health Care Services incurred by Plaintiff's patient, Donald Montgomery to the extent described within Defendant United's policy.

41. That Defendant United has failed to pay for Covered Health Care Services incurred by Donald Montgomery including charges for services provided by Plaintiff in the amount of $90,757.28.

42. That Plaintiff is a beneficiary as defined by ERISA 29 USC § 1002(8) and therefore has a cause of action against Defendant United pursuant to 29 USC §1132(a)(1)(B) to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of the plan.

43. That Plaintiff, as a medical service provider, is an intended beneficiary of United's contract with Donald Montgomery as it is foreseeable that medical service providers like Plaintiff would be injured by the nonperformance or negligent performance of Defendant United's contractual obligations.

44. That it is foreseeable the Plaintiff would be injured by Defendant's nonperformance and/or negligent performance of its contractual obligation, Defendant United therefore owed Plaintiff a duty of care in the undertaking of its contractual obligations.

45. That the absence of a privity of contract between Plaintiff and Defendant United does not absolve Defendant United of liability.

(*Id.*, PageID.72-73.)

My Premier's final claim against United HealthCare is captioned "Declaratory Relief." (*Id.*, PageID.73.)  This claim (which also appears to be asserted against Auto Club) alleges as follows:

46. Plaintiff hereby realleges, reaffirms, and incorporates herein all by reference all allegations and paragraphs previously stated in this Complaint.

47. That as a result of the denial of benefits by Defendant, Auto Club, upon alleging that Plaintiff's patient was entitled to Personal Injury Protection (PIP) benefits subject to a coordination of benefits clause which, if given effect would obligate Donald Montgomery to seek benefits from his health insurance carrier (Defendant United) to the extent that benefits are available in Defendant United's policy before seeking PIP benefits from Defendant Auto Club.

48. That Defendant United has asserted that its policy to provide health insurance benefits is organized under ERISA 29 USC § 1001 et. seq. and contains an exclusion for treatment incurred as the result of a motor vehicle accident.

49. That Defendant United has represented that it is not subject to coordination with Defendant Auto Club.

(*Id.*, PageID.73-74.)  In this claim, My Premier seeks entry of "a judgment declaring which Defendant is primarily responsible for the payment of Plaintiff's claims." (*Id.*, PageID.74.)

On March 6, 2023, United HealthCare filed a motion to dismiss all of the claims against it. (*See* Mot., ECF No.22.)  My Premier filed a response to the motion on March 27, 2023. (*See* Resp., ECF No. 23.)  Notably, My Premier's response makes no substantive arguments as to why its claims against United HealthCare are

plausible.  Instead, My Premier argues only that United HealthCare's motion to dismiss should be denied because it is, in reality, one for summary judgment and because United HealthCare relies upon an ambiguous provision in the ERISA plan under which Montgomery's health insurance policy was issued.  As described below, My Premier is wrong on both of these points.

The Court concludes that it may resolve United HealthCare's motion without oral argument. *See* Local Rule 7.1(f)(2).

## II

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *See id.* When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Mere "conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. A plaintiff must

therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

In resolving a motion to dismiss brought under Rule 12(b)(6), courts "primarily consider[] the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997). Moreover, "a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings" if the document "is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (internal quotations and citations omitted); *see also In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) ("If a plaintiff references or quotes certain documents, a defendant may attach  those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment.").

**III**

**A**

The Court begins with My Premier's claim entitled "29 USC §1132(a)(1)(B), ERISA Civil Enforcement." (Am. Compl., ECF No. 8, PageID.72.)  This claim fails as a matter of law because My Premier lacks standing to bring it.

The statute under which My Premier brings this claim, 29 U.S.C. § 1132(a)(1)(B), provides that only a "participant" or "beneficiary" may bring a civil action to "recover benefits due" or "enforce rights under" an ERISA plan.  My Premier has failed to allege facts showing that it is either a "participant" in, or a "beneficiary" of, the ERISA plan under which Montgomery's health insurance policy was issued.

A "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).  My Premier does not even attempt to allege any facts showing that it qualifies as a "participant."

A "beneficiary" is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29

U.S.C. § 1002(8).  My Premier claims that it is an "intended beneficiary" of the health insurance policy and/or plan under which Montgomery was insured (Am. Compl., ECF No. 8, PageID.74), but it alleges no facts to support that conclusory allegation.  Likewise, it cites no language from the policy or plan that demonstrates that it is an "intended beneficiary."  Nor does it cite any case supporting its contention that it qualifies as an "intended beneficiary" of Montgomery's health insurance plan or policy.  Moreover, in a case involving a similarly-situated medical provider, the Sixth Circuit rejected the contention that the provider qualified as a "beneficiary" of an ERISA plan. *Ward v. Alternative Health Delivery Systems, Inc.*, 261 F.3d 624, 627 (6th Cir. 2001).

While the Sixth Circuit has recognized that "a health care provider may assert an ERISA claim as a 'beneficiary' of an employee benefit plan if it has received a valid assignment of benefits[,]" *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991), that rule does not help My Premier here because My Premier does not allege that it received an assignment from Montgomery. Moreover (and in any event), it does not appear that My Premier could have received such an assignment because the ERISA plan under which Montgomery's health insurance policy was issued contains a provision that unambiguously prohibits assignments of benefits to out-of-network providers like My Premier without United

HealthCare's consent. (*See* Cert. of Coverage, ECF No. 22-2, PageID.717.)   And My Premier does not allege that United HealthCare consented to any assignment.

For all of these reasons, My Premier lacks standing to bring its claim under ERISA.

**B**

The Court next turns to My Premier's "Third Party Beneficiary" claim against United HealthCare. (Am. Compl., ECF No. 8, PageID.71.)   As with its claim under 29 U.S.C. § 1132(a)(1)(B), in this claim, My Premier alleges that it is "an intended beneficiary of United [HealthCare]'s contract with Donald Montgomery." (*Id.*)   For the reasons explained above, this conclusory allegation is insufficient to establish that My Premier is a third-party beneficiary of Montgomery's policy or the ERISA plan under which that policy was issued.

Moreover (and in any event), My Premier cites no legal authority suggesting that it is entitled to recover benefits owing under an ERISA plan based upon a third-party beneficiary theory.   And at least one federal court of appeals has held that a health care provider like My Premier may not use a third-party beneficiary claim to seek benefits provided to one of its patients under an ERISA plan. *See Dallas County Hosp. Dist. v. Associates' Health and Welfare Plan*, 293 F.3d 282, 289 (5th Cir. 2002) (explaining that "ERISA does not countenance third-party beneficiary claims"). *See also Scott v. Regions Bank*, 702 F. Supp. 2d 921, 930, n. 2 (E.D. Tenn.

10

2010) (stating that a party may not seek benefits allegedly due and owing pursuant to an ERISA plan "on the sole ground that it is third-party beneficiary.")

For these reasons, the Court concludes that My Premier's third-party beneficiary claim cannot stand.

## C

The Court next turns to My Premier's claim for a declaratory judgment. My Premier offers no defense of this claim. Likewise, My Premier makes no effort to explain how it has standing to seek a declaratory judgment as to whether United HealthCare may be liable for benefits due under a health insurance policy issued in connection with an ERISA plan. Under these circumstances, the Court will not permit My Premier to proceed with this claim.

## D

Instead of demonstrating the plausibility of any of its claims, My Premier argues that the Court should deny United HealthCare's motion to dismiss because the motion "is in actuality a motion for summary judgment." (*See* Resp., ECF No. 23, PageID.737.) My Premier says that the motion should be treated as one seeking summary judgment for two reasons: (1) the motion cites the anti-assignment provision of the ERISA plan under which Montgomery's health insurance policy was issued, and that document should not be considered in resolving a motion under Rule 12(b)(6) because it is "outside of the pleadings," and (2) United HealthCare

filed the motion after it filed an Answer to the Amended Complaint. (*See id.*)  My Premier is wrong on both points.

First, under settled Sixth Circuit law, the Court may consider the terms of Montgomery's plan because My Premier referenced the plan in its Amended Complaint (*see* Am. Compl., ECF No. 8, PageID.73) and because the plan is central to My Premier's claims. *See Greenberg, supra.*  Indeed, My Premier's claim under 29 U.S.C. § 1132(a)(1)(B) seeks benefits allegedly due and owing "under the terms of the plan," and its third-party beneficiary claim rests upon its contention that it is a third-party beneficiary *of the plan*. (*Id.*, PageID.73.)  Thus, the Court may consider the terms of the plan without converting the motion into one for summary judgment.

Second, United HealthCare did not file the motion after it filed an Answer to the Amended Complaint.  While Defendant Auto Club filed an Answer on April 28, 2022 (*see* Auto Club Answer, ECF No. 9), United HealthCare did not join that Answer and has not filed its own Answer to the Amended Complaint.  In any event, even if United HealthCare had filed an Answer before filing its motion to dismiss, that would not require the Court to construe the motion as one for summary judgment.  A district court may construe a post-Answer Rule 12(b)(6) motion as a Rule 12(c) motion where, as here, the motion attacks the sufficiency of the allegations. *See Wagner v. Higgins*, 754 F.2d 186, 188 (6th Cir. 1985) (holding that a motion's "incorrect reference" to Rule 12(b)(6) rather than to Rule 12(c) "is not

fatal where the substance of the motion is plain"); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988) (noting that a motion referring to Rule 12(b)(6) but filed after an Answer "may be properly considered as one for judgment on the pleadings under Fed.R.Civ.P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6)"): *Satkowiak v. Bay Cty. Sheriff's Dep't*, 47 Fed.Appx. 376, 377 n.1 (6th Cir. 2002) (treating post-answer Rule 12(b)(6) motion as one for judgment on the pleadings brought under Rule 12(c)).  And a Rule 12(c) motion is governed by the same standards applicable to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007) ("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same").  Thus, even if My Premier were correct that United HealthCare had filed an Answer before it filed its Motion to Dismiss, the Court's analysis of the sufficiency of My Premier's claims would remain unchanged.

## IV

For the reasons explained above, United HealthCare's Motion to Dismiss (ECF No. 22) is **GRANTED**.  All claims against Defendant United HealthCare are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  April 7, 2023                    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 7, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126